UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ANTHONY GARNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: CV-13-3158-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.　INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when, relying on the "Grids," he concluded that Plaintiff was not disabled. For the reasons explained below, the Court finds that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In August 2009, Plaintiff applied for SSI, alleging that he had been unable to work since July 1987, due to chronic pain and mental/emotional problems. (Administrative Record ("AR") 107-08, 120-21, 134-36, 145-47, 165-66, 175-79.) The Agency denied the applications initially and on reconsideration. (AR 42-46, 53-57.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 59-63.) On October 4, 2011, he appeared with counsel and testified at the hearing. (AR 30-39.) The ALJ subsequently issued a decision denying benefits. (AR 19-25.) Plaintiff appealed to the Appeals Council, which denied review. (AR 5-15.) He then commenced this action.

## III. ANALYSIS

The ALJ determined that Plaintiff was capable of performing medium exertion, unskilled work provided that it did not involve any contact with the public. (AR 23-24.) The ALJ then consulted the "Grids" (i.e., the Medical Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2), which directed a finding of not disabled. (AR 25.) Plaintiff argues that the ALJ erred in relying on the Grids because the limitation to work involving no public contact is a significant, non-exertional limitation, precluding the use of the Grids. (Joint Stip. at 4-6.)

The Agency disagrees. It contends that the ALJ was justified in using the Grids because he determined that the preclusion on public contact did not significantly limit the range of medium, unskilled work that Plaintiff could do. (Joint Stip. at 8-9; AR 25.) It points out that unskilled work

2

generally involves dealing with objects rather than people. (Joint Stip. at 10.)

The parties agree that ALJs may employ the Grids provided that a claimant does not suffer from "significant" non-exertional limitations. They also agree that there is no controlling Ninth Circuit precedent governing the precise issue before the Court, that is, whether a prohibition on any public contact is a significant non-exertional limitation. In the absence of controlling authority, both turn to district court decisions from this district and others that support their positions.

The Court adopts a different approach. Though the Court recognizes that the primary issue before it is whether the ALJ erred when he used the Grids, the resolution of that issue turns on the ALJ's finding that the prohibition on public contact had little or no impact on the occupational base of unskilled medium work. (AR 25.) Unfortunately, however, the ALJ did not explain the basis for this finding. (AR 25.) Thus, the Court is not able to determine whether this finding was correct. For that reason, remand is required to allow the ALJ to explain why the limitation on public contact has no impact on the occupational base.[1]

---

[1] Defendant argues that, even if the Court disagrees with the ALJ, since the ALJ's interpretation of the evidence is rational, the Court should uphold it. (Joint Stip. at 11.) This argument, too, is rejected. The record does not contain any information for the Court to determine whether the ALJ's finding--that Plaintiff's inability to perform work involving contact with the public does not impact the occupational base--is rational.

3

IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.[2]

IT IS SO ORDERED.

DATED:  May 30, 2014

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GARNER 3159\Memorandum Opinion and Order.docx

---

[2] Plaintiff has requested that the Court remand the case to the Agency for an award of benefits.  The Court recognizes that it has the authority to do so but finds that this case does not warrant such relief because it is not clear from the record that Plaintiff is disabled and/or entitled to benefits.